DE DIEGO ET AL. *v.* LA CÁMARA DE DELEGADOS.

SOLICITUD para que se expida auto de *Mandamus.*

No. 6.—Resuelto en febrero 4, 1904.

CÁMARA DE DELEGADOS—SUS FACULTADES.—Con arreglo a la sección 30 de la Ley Orgánica, la Cámara de Delegados de Puerto Rico tiene facultad para considerar y resolver si el cargo de alguno o algunos de sus miembros debe o nó estimarse vacante.

CUERPOS LEGISLATIVOS—MANDAMUS.—Un auto de *mandamus* no procede para obligar a un cuerpo legislativo a que arroje de su seno uno o más de sus propios miembros.

CÁMARA DE DELEGADOS—CORPORACIÓN—LEY DE MANDAMUS.—La Cámara de Delegados no es una corporación, con arreglo a nuestro Código Civil, ni está comprendida dentro de los términos de la sección 2 de la Ley de *Mandamus* de 1903.

ID.—La Cámara de Delegados de la Asamblea Legislativa de Puerto Rico no está sujeta al auto de *mandamus* expedido por el Tribunal Supremo de Puerto Rico.

ID.—ACTOS DE CARÁCTER DISCRECIONAL Y MINISTERIAL O EJECUTIVO.—El auto de *mandamus* no procede para obligar la ejecución de actos encomendados a la facultad discrecional del funcionario, estando limitada su acción a la ejecución de actos de carácter ministerial o ejecutivo.

Los hechos extán expresados en la opinión.

Abogados de los demandantes: *Sres. de Diego* y *Díaz Navarro.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal. (*)

En la presente causa el Sr. de Diego con nueve miembros más de la Cámara de Delegados, presentó a esta corté una solicitud de auto de *mandamus* para obligar a la Cámara a declarar vacantes los asientos de cinco delegados porque no han asistido a la presente sesión durante los primeros diez días de la misma.

Dichos delegados fundan su petición en la sección 210 del Código Político, que a la letra dice:

"Si mientras duran los trabajos de una legislatura de la Asamblea Legislativa, algún miembro de la Cámara de Delegados permaneciere ausente de sus tareas por más de cinco días consecutivos, sin el permiso de la Cámara de Delegados, se considerará su cargo vacante, y el Gobernador podrá convocar a elección para cubrir dicha vacante, según prescribe la ley."

Los solicitantes alegan que ciertos delegados, cuyos nombres se expresan, han estado ausentes durante más de cinco días consecutivos, y que el Sr. de Diego hizo una moción en la Cámara para declarar vacantes los asientos de dichos delegados, la que discutieron, él por una parte, y el Sr. Don Juan Hernández López por otra, poniéndose luego a votación por el *Speaker,* con resultado negativo y la Cámara de esta manera rehusó declarar vacantes los asientos de los citados miembros.

234

La sección 30 de la Ley Foraker prescribe:

"Que la Cámara de Delegados será el único juez de las elecciones, listas, y capacidad de sus miembros, y ejercerá las mismas atribuciones con respecto a la dirección de sus procedimientos que usualmente competen a cuerpos legislativos parlamentarios."

Bajo la sección de la ley citada, la Cámara tuvo poder amplio para considerar y determinar si estaban o no estaban vacantes los asientos mencionados, como se ha dicho en la presente, lo que ha resultado negativamente, no obstante el texto de la sección 210 del Código Político arriba citada.(\*)

Una solicitud a una corte judicial para un *mandamus* contra un cuerpo legislativo, obligándolo a expulsar a uno o más de sus miembros, es una anomalía en la jurisprudencia americana. Hasta donde he llegado en mis pezquisas ningún caso semejante ha podido encontrarse en los anales de litigios americanos. Ciertamente no existe semejante caso en los informes de las decisiones de la Corte Suprema de los Estados Unidos.

El Sr. Wood en su obra de *mandamus* dice:

"Habrá lugar al auto de *mandamus,* en casos propios contra cortes inferiores, corporaciones y funcionarios ministeriales."

Ciertamente la Legislatura no se puede considerar entre estas tres clases. Nuestro propio estatuto sobre *mandamus* dice lo siguiente:

"El auto de *mandamus* podrá dictarse por el Tribunal Supremo o por las cortes de distrito o por cualquiera de sus magistrados o jueces cuando se hallen en el ejercicio de sus funciones o en sus oficinas, y se dirigirá a cualquier tribunal inferior, corporación, junta o persona obligada al cumplimiento de un acto que la ley particularmente ordene como un deber resultante de un empleo, cargo o función pública; pero aun cuando puede requerir a un tribunal inferior o cualquiera de sus jueces para que adopte este criterio, o para que proceda al desempeño

de cualquiera de sus funciones, el auto no puede tener dominio sobre la discreción judicial.''

Esta es sustancialmente una ampliación del precepto declarado en el libro de texto arriba citado, y ciertamente la Cámara de Delegados no podría considerarse igual a ninguna de las clases mencionadas en dicho estatuto, a no ser que se dijera que es una corporación, pero tampoco puede considerarse, propiamente, como tal.    El Canciller Kent la define así:

''Una franquicia poseída por uno o más individuos, que subsisten (*) como un cuerpo político, bajo una denominación especial, investidos por la ley con la capacidad de sucesión perpetua y de actuar en varios respectos aunque fuere numerosa la asociación, como un sólo individuo.''    2 Kent's Com., 267.

Una corporación se define en Bouvier's Law Dictionary como sigue:

''Un cuerpo compuesto de una o más personas, establecido por la ley, generalmente para algún propósito específico, y continuado por una sucesión de miembros.''    1 Bouvier's Law Dictionary, 443.

El Tribunal Supremo del Estado de Illinois define una corporación de la manera siguiente:

''Un ser artificial creado por la ley, y compuesto de individuos que subsisten como un cuerpo político, bajo una denominación especial, con la capacidad de sucesión perpetua, y actuando dentro del alcance de su carta constitucional como una personal natural.''    122 Ill., 293.

El Juez Bronson define el término de la manera siguiente:

''Una corporación agregada es una colección de individuos unidos en un cuerpo por tal concesión de privilegios que asegure una sucesión de miembros sin cambiar la identidad del cuerpo, y constituye a los miembros por el momento, capaces de hacer los negocios de la corporación como una persona natural.''    1 Hill, N. Y., 62.

Nuestra ley sobre corporaciones, que se encuentra en los títulos primero y segundo del Código Civil de Puerto Rico, no permitiría a cualquiera Cámara de la Asamblea Legislativa, ni a las dos juntas, clasificarse como corporación, ni pública ni privada. En vista de estas definiciones, la Cámara de Delegados no puede considerarse bajo ningún concepto como una corporación.

Así es que ya se atienda a los preceptos generales, ya a los mismos estatutos, la Cámara de Delegados de la Asamblea (*) Legislativa de Puerto Rico no está sujeta al auto de *mandamus* expedido por este tribunal.

La Constitución de los Estados Unidos, al definir los poderes del Congreso, en la sección 5ª. del artículo 1 a la letra dice:

"Cada Cámara será el juez de las elecciones, listas y capacidad de sus miembros, y una mayoría de cada cual constituirá un 'quorum' para determinar cuestiones, pero un número más pequeño podrá levantar la sesión día por día y podrá autorizarse para exigir la asistencia de miembros ausentes de tal manera, y bajo las penas que provee cada Cámara."

Este lenguaje es muy parecido a la sección de la Ley Foraker arriba citada, que hace la definición de los poderes de nuestra Asamblea Legislativa, y probablemente esta provisión en la Constitución, así como la conocida independencia del Departamento Legislativo del Gobierno Nacional, haya impedido hasta ahora que se formulara una petición en ningún tribunal de los Estados Unidos, como la que aquí se presenta. Resulta claro de la falta de autoridades sobre este punto y de una lectura de los estatutos y de la naturaleza del sistema de gobierno americano, que no hay lugar al auto de *mandamus* en un caso como el que aquí se ha presentado.

Aun si hubiera lugar al mismo por parte de este tribunal contra la Cámara de Delegados, no se podría expedir en el presente caso, porque al declarar vacante el puesto de un miembro, la Cámara tiene que ejercitar una discreción y su

acción no es meramente ministerial tal cual podría hacerse solamente por los tribunales mediante el auto de *mandamus*. En otras palabras, si el *Speaker* de las Cámara tuviera autoridad para declarar vacante el asiento de un miembro bajo ciertas condiciones, ejercitando su discreción, no habría lugar al *mandamus* de un tribunal contra él, obligándole a hacerlo, y mucho menos habría lugar al (*) *mandamus* obligando a la Cámara a tomar tales medidas. *State* v. *Elder,* 10 L. R. A., p. 796.

Por lo tanto, en ningún caso podrían los peticionarios en este caso lograr su objeto mediante el auto de *mandamus*. Esta corte jamás pretendería asumir una jurisdicción que no le está conferida por la ley, y no desea intervenir en los derechos y los deberes de otros departamentos como el de la Asamblea Legislativa, o la Cámara de Delegados, que constituye una parte de la misma.

La solicitud para el auto de *mandamus* en el presente caso será denegada.

*Denegada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no tomó parte en la discusión de este caso.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. FIGUERAS.

Se solicita un auto de *mandamus* para obligar a la Cámara a que cumpla con el artículo 210 del Código Político, declarando vacantes los cargos de delegados para que fueron electos Don Carlos Cabrera, Don Luis Sánchez Morales, Don Federico Torregrosa, Don Darío Rola y Don George W. Fishback.

Esta es la única cuestión que debe considerarse, porque las resoluciones deben ser congruentes con las demandas y

con las demás pretensiones deducidas oportunamente. Del respeto a este principio nos ha dado ejemplo reciente la Corte Suprema de los Estados Unidos al resolver el caso de la Señora González, puesto que declaró solamente que no es extranjera y omitió toda otra clase de argumentos sobre si era o nó ciudadana americana, porque este extremo no fué a dicha corte en el grado y forma procedentes.(*)

Por esto en el presente caso no deben generalizarse las consideraciones.

La Corte Suprema del Estado de Nebraska con fecha de 14 de enero de 1891, ordenó un auto de *mandamus* solicitado por Thomas H. Benton contra Samuel M. Elder, *Speaker* de la Cámara de Representantes. Tomo X de Lawyers' Reports, Annotated, pág. 796, y yo quizás en caso semejante estaría conforme con los razonamientos del Hon. Cobb, Cr. J., encargado de redactar la opinión de la corte, en cuyo dictamen se desarrolla a mi juicio una doctrina justa y racional, llegando a afirmar dentro del caso que se resolvió que ''ningún cuerpo legislativo tiene poder para interponer un artificio de parlamento en contravención a las expresas prescripciones de la Constitución del Estado.''

Eludiendo, por tanto, toda generalización y limitándome a la cuestión hoy planteada, entiendo que esta corte no puede intervenir en los actos legislativos o discrecionales de la Cámara, respetando así la independencia de los poderes legislativo, ejecutivo y judicial.

El auto de *mandamus* se solicita contra la Cámara y además se funda la petición en el supuesto de que aquélla se ha negado a cumplir el artículo 210 del Código Político ya citado, pero como esta disposición reserva a la misma Cámara la consideración de las vacantes a que dicho artículo se refiere, aquélla, después de una discusión en que intervino la mayoría y minoría, ha considerado como acuerdo final, y por mayoría de votos, que no deben declararse las vacantes y esta función y procedimiento, después de la moción presentada por el

Delegado Don José de Diego, es el adecuado a toda resolución de la Cámara, de donde resulta que el acuerdo negativo se tomó en virtud de las facultades discrecionales que entraña el mismo artículo 210.

Pero supongamos que esa disposición contiene un precepto imperativo y categórico, es decir, que la Cámara está obligada a declarar las vacantes, siempre resultará que la (*) entidad Cámara no puede manifestar su pensamiento y voluntad sino por medio de acuerdo, y siendo el voto libre, siempre resultaría que obra dentro de facultades discrecionales, cualquiera que fuese el acuerdo que sobre las vacantes tomase.

Por esta sóla razón creo que debe denegarse el auto de *mandamus* que se ha solicitado por D. José de Diego y D. Herminio Díaz, por su derecho propio, y en la representación que ostentan.