REGISTRADOR DE GUAYAMA, DEMANDANTE Y APELANTE, *v.*
ATTORNEY GENERAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Guayama
en un procedimiento sobre *mandamus.*

No. 2188.—Resuelto en abril 19, 1920.

EMPLEADOS PÚBLICOS—APROBACIÓN DEL NOMBRAMIENTO DE EMPLEADOS EN LOS
REGISTROS DE LA PROPIEDAD—ATTORNEY GENERAL—MANDAMUS.—La aproba-
ción del nombramiento hecho por un registrador de la propiedad a favor de
un empleado subalterno del registro no es un deber ministerial del Attorney
General de Puerto Rico, sino un acto discrecional, por lo que las cortes no
pueden intervenir para obligar a éste por medio de un auto de *mandamus* a
aprobar tal nombramiento.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Socorro.*

Abogados del apelado: *Hon. Attorney General* y *J. E.
Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Despojada la petición en este caso de toda materia irre-
levante y de las conclusiones de ley, dicha petición alega en
substancia que el peticionario, que es un registrador de la
propiedad, para cubrir una vacante que existía en el per-
sonal de su oficina nombró a cierta persona para el puesto,
sometiendo el nombramiento a la aprobación del Attorney
General y que éste, a pesar de las reiteradas solicitudes del
demandante, no había impartido su aprobación a tal nom-
bramiento.

En la súplica de la petición, se interesaba la expedición
de un auto de *mandamus* dirigido al Attorney General or-
denándole que aprobara el nombramiento en cuestión o ex-
presara las razones por las cuales no debía dictarse auto
perentorio de *mandamus,* interesándose además el auto pe-
rentorio para que se aprobara el nombramiento.

El registrador apela de una sentencia por la que se de-
sestima la solicitud presentada y señala, como error, los dos
fundamentos que sirvieron de base a la corte inferior, a
saber:

"1. Que los nombramientos de empleados del registro de la propiedad, en cuanto se refiere a la ley de 10 de marzo de 1904, asignando sueldos a los registradores de la propiedad, es una cuestión que emana del derecho americano.

"2. Que la aprobación o no aprobación de las asignaciones para cubrir las plazas de empleados del registro está dentro de las atribuciones del Attorney General, y que dicho acto es simplemente discrecional y no ministerial en el ejercicio del cual puede dicho Attorney General ejercitar un criterio y buen juicio para velar por el mejor funcionamiento del Departamento de Justicia, del cual él es el jefe, y al cual pertenecen los registros de la propiedad."

Bajo la soberanía española los registradores no percibían sueldos del Estado sino que retenían ciertos derechos fijados por la ley y empleaban y pagaban todos aquellos empleados y ayudantes que necesitaban o deseaban. El artículo 301 de la Ley Hipotecaria hasta la fecha en que fué derogado por el artículo 13 de la "Ley asignando sueldos a los registradores de la propiedad y para otros fines", aprobada en marzo 10 de 1904, prescribía que "en cada registro habrá los oficiales y auxiliares que el registrador necesite, nombre y retribuya, los cuales desempeñarán los trabajos que él mismo les encomiende, pero bajo su única y exclusiva responsabilidad".

El artículo 13 de la ley de 1904 prescribe lo siguiente:

"Los empleados subalternos de los diversos registros de la propiedad serán nombrados por los distintos registradores mediante la aprobación del Attorney General y percibirán sus sueldos mensualmente del mismo modo que los perciben los respectivos registradores."

El artículo 32 de la misma ley dispone lo siguiente:

"Quedan sin valor ni efecto alguno el número seis de los artículos adicionales a la Ley Hipotecaria en cuanto se relaciona con el arancel del registro de la propiedad, y toda ley u orden o parte de las mismas que se oponga o estén en pugna con las disposiciones de la presente, quedan derogadas."

"Parece que existe cierto conflicto en las autoridades en cuanto a qué es lo que constituye un nombramiento para un cargo. La declaración que ha sido más aprobada es la de que un nombramiento

queda hecho cuando la facultad es absoluta y se ha resuelto quien ha de ser el nombrado, no siendo necesario mayor consentimiento o aprobación. El elemento relativo al ejercicio de discreción participa, según parece, de la esencia del nombramiento." 22 R. C. L. 422.

"Siempre que de acuerdo con un precepto constitucional o estatutorio el nombramiento ha de hacerse con la aprobación de algún funcionario u organismo, tal nombramiento debe ser aprobado antes de que la persona tenga legalmente derecho al cargo." *Idem.* 433.

"Ha quedado firmemente establecida la regla de que el poder judicial no intervendrá con los funcionarios ejecutivos en el cumplimiento de deberes que son discrecionales por su naturaleza, o que envuelven el ejercicio de criterio. Aunque al resolver sobre los derechos de las partes en pleitos que estén debidamente ante las cortes éstas pueden resolver acerca de la legalidad de los actos de funcionarios públicos, una vez que el asunto ha salido de su control no existe facultad alguna en las cortes por ninguno de sus procedimientos, para actuar en relación con el funcionario de modo que intervenga con el ejercicio de ese criterio mientras la cuestión esté debidamente sometida a él para su resolución. La razón que hay para esto es que la ley deja a él esta discreción para ese objeto y no a las cortes." *Idem.* 490.

El argumento de que las grandes responsabilidades impuestas a los registradores por la ley exigen una facultad absoluta en el nombramiento de sus subordinados meramente puede hacer referencia a la sabiduría de la innovación introducida por la Legislatura, con cuya cuestión nada tenemos que ver. Que el efecto de la ley de 1904 era sustituir a los empleados remunerados por el registrador con dinero de su propio peculio de acuerdo con las disposiciones del artículo 301 de la Ley Hipotecaria por los funcionarios públicos remunerados por el Gobierno y establecer ciertas limitaciones a la facultad de nombrar, es cosa demasiado clara para ser discutida. El apelante no alega al parecer o por lo menos no hace cita alguna de autoridades para sostener la proposición de que de acuerdo con la ley española el precepto estatutorio para el nombramiento de funcionarios subalternos por un funcionario público sujeto a la aprobación

del superior administrativo del funcionario que hace el nombramiento le confiere la facultad absoluta y no da discreción o poder de supervisión de ninguna clase a tal superior. El alegato en verdad no tiene nada que indique ni siquiera que la modificación introducida en el año 1914 pudiera atribuirse a algún precedente de origen español. En vista de las circunstancias no es necesario considerar la cuestión relativa a la interpretación como pudiera ser afectada por la genealogía de esta última ley.

El apelante también discute con alguna extensión ciertas cuestiones relacionadas con la Ley del Servicio Civil, pero no existe nada en los autos que justifique tener que hacer una detenida consideración de las cuestiones que de tal modo han sido sugeridas.

La sentencia apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.