Luis S. Arán Zuzuarregui, demandante y apelado, *v.* Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, Etc., demandada y apelante.

No. 4734.—*Sometido:* Marzo 15, 1929.   *Resuelto:* Febrero 14, 1930.

*James R. Beverley, Attorney General* y *Felipe Janer, Sub-Procurador,* abogados de la apelante; *Feliú & La Costa,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El peticionario y apelado presentó una solicitud a la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, que le fué denegada, y posteriormente la Corte de Distrito de San Juan, en un procedimiento de *mandamus,* ordenó su expedición.

Los hechos finales de este caso quizá no son tan fuertes

como en el de *Ramón Llovet Díaz* v. *La Junta Examinadora, etc.*, que acabamos de resolver, *ante* p. 583. Si estuviéramos examinando la experiencia del apelado no estaríamos tan fuertemente satisfechos como en el caso anterior respecto a su capacidad como ingeniero. No obstante, la prueba tendió a demostrar que su experiencia fué realmente la de un ingeniero civil, trabajando en carreteras, puentes, alcantarillados y en otras construcciones que aparecen de los autos, con el resultado total que él tendría derecho a considerarse a sí mismo ingeniero civil.

Según se demostró en dicho caso de Llovet, *supra* el derecho a ejercer la ingeniería era libre en Puerto Rico desde la fecha en que se aprobó la orden militar en 1900. Por tanto, aun si una persona no llenaba todos los requisitos exigidos por una junta competente de ingenieros, no obstante, si un peticionario ha estado genuinamente ejerciendo su profesión como tal ingeniero, tiene derecho a que así se le reconozca de acuerdo con la ley.

Este caso no es enteramente distinto a la situación en que una persona alega tener justo título de bienes inmuebles. Ella tal vez podría fácilmente, y con mucha frecuencia, poseer un título menos que perfecto. La intención de la ley de 1927 fué proteger a las personas que ejercían genuinamente sus profesiones, aun si ellas no reunían todos los requisitos necesarios para aprobar un examen.

De todos modos, al igual que en el caso de Llovet el peticionario presentó una solicitud jurada haciendo constar que había ejercido su profesión durante más de tres años y por tanto que tenía derecho a que se le expediera una licencia, a menos que se presentara prueba satisfactoria en contrario. Aquí, al igual que en el caso anterior, no se presentó prueba satisfactoria en contrario y *la sentencia debe ser confirmada.*