Agustín Mateo, demandante y apelante, *v.* La Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, demandada y apelada.

No. 4762.—*Sometido:* Junio 7, 1929. *Resuelto:* Febrero 14, 1930.

*R. Sancho Bonet,* abogado del apelante; *Attorney General James R. Beverley* y *Felipe Janer, Sub-Procurador,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En su opinión, la Corte de Distrito de San Juan resolvió, substancialmente, lo que sigue: que se presentó una petición a la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, solicitando licencia como arquitecto, de acuerdo con la sección 9 de la Ley de abril 26, 1927 (copiada *ante* p. 584); que el peticionario, ateniéndose a la orden general No. 24 de febrero 5, 1900, había estado ejerciendo su profesión por ocho años; que la corte había examinado toda la prueba que la junta tuvo ante sí y la aducida en el juicio, y llegaba a la conclusión de que el peticionario no había estado ejerciendo su profesión según exige la ley; que lo que aparecía de su declaración jurada y de la prueba era que el peticionario se había dedicado meramente a la construcción

de edificios, o a lo que comúnmente se llama maestro de obra, lo que en España era una profesión y había sido suprimida y declarado libre su ejercicio a virtud de Real Orden de mayo 5, 1891; que si bien el peticionario trató de demostrar que había hecho planos y proyectos de obra, si se examinaban los presentados a la corte se veía que eran simples dibujos o diseños hechos a lápiz en papel blanco, sin que estuvieran firmados o autorizados por el peticionario como arquitecto, ni revelaran que la mano de un profesional propiamente dicho los hubiera trazado.   Acto seguido la corte demostró lo que era necesario para ser arquitecto, tanto en España como en los Estados Unidos, citando autoridades, y comentando que de acuerdo con la ley el peticionario podía continuar haciendo para personas particulares lo que había estado haciendo antes.   La petición fué denegada.

El apelante ataca las conclusiones de la corte principalmente refiriéndose a las definiciones dadas por ella, pero, no habiéndose referido a las páginas de los autos, no nos convence de que la corte estuviera equivocada.   No obstante la apelada, haciendo referencias definidas, cita prueba en apoyo de la conclusión a que llegó la corte inferior.

Si bien en un número de casos que acabamos de decidir hemos resuelto que la declaración jurada de un peticionario es prueba *prima facie,* tal prueba necesariamente puede ser destruída.   Entonces la junta tiene discreción para declarar sin lugar una solicitud.

No estamos en absoluto persuadidos de que se cometiera error alguno en este caso, y *debe confirmarse la sentencia apelada.*