José G. Salgado, demandante y apelante, *v.* Junta Examinadora de Contadores Públicos, compuesta por Don Enrique Soltero, Antonio R. Hernández, Secretario y William A. Waymouth, demandada y apelada.

No. 5297.—*Sometido:* Diciembre 19, 1930.—*Resuelto:* Enero 21, 1931.

*R. Rivera Zayas,* abogado del apelante; *Procurador General James R. Beverley* y *Felipe Janer, Subprocurador,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

■ La querellada, Junta Examinadora de Contadores, se negó a expedir una licencia como "auditor" y contador al apelante. Este presentó una solicitud de *mandamus* ante la Corte de Distrito de San Juan. Esa corte, en una opinión cuidadosamente razonada, resolvió que de acuerdo con la Ley No. 42 de mayo 13, 1927, Leyes de ese año, página 235, dicha junta estaba investida de cierta discreción, y que las cortes sólo intervendrían en caso de abuso. En este Tribunal el apelante, podría decirse, descansa principalmente en el caso de *Tirado* v. *Junta de Retiro*, 38 D.P.R. 1002. En ese caso resolvimos, entre otras cosas, que aunque una junta tenía cierta discreción *qua* la apreciación de la prueba, si el deber que había de hacerse cumplir era claro, procedía el auto de *mandamus,* pese a la supuesta discreción. Se hizo distinción entre la discreción judicial y la administrativa. Nada hubo en dicho caso, sin embargo, que diera a una corte el derecho general de revisar por *mandamus* la negativa de una junta a expedir una licencia cuando como un elemento para la expedición de tal licencia la ley misma fijaba una discreción en la junta, al igual que en este caso. De acuerdo con la sección 8 de la Ley de mayo 13, 1927, se da derecho a la junta para determinar si las "firmas o corporaciones" para las cuales ha trabajado el peticionario como un supuesto contador o "auditor," son de acreditada importancia. "De reconocida importancia a juicio de la Junta," dice la ley. La junta, entre otras cosas, no aceptó las referencias dadas por el peticionario como de firmas o corporaciones de reconocida importancia. Por tanto, la corte inferior estuvo enteramente acertada al resolver que en general carecía de facultad para revocar la conclusión a que había llegado la junta. La discreción aquí envuelta, de no ser judicial, equivale a ella por ministerio de la ley. La intención de la Legislatura fué que la resolución de la junta a este respecto fuese definitiva en general.

Asimismo, según hemos indicado parcialmente arriba,

el derecho del peticionario en el caso de .Tirado, *supra,* era ya adquirido, y el deber de la junta dé hacerlo figurar en la lista de jubilados era claro. Este Tribunal consideró que el deber en ese caso estaba impuesto especialmente por la ley. En el presente, el peticionario no tenía tal derecho adquirido y estaba obligado a convencer a la junta de su capacidad. El caso de *Llovet* v. *Junta de Ingenieros,* 40 D. P.R. 583, es distinto al presente.

■ Además, por lo general cuando una persona que solicita una licencia tiene que convencer a una junta de su capacidad, sólo debe expedirse un *mandamus* cuando ha habido un claro abuso de discreción.

*Debe confirmarse la sentencia apelada.*