EMIGDIO ISERN JIMÉNEZ, demandante y apelado, *v.* JUNTA EXAMINADORA DE INGENIEROS, ARQUITECTOS Y AGRIMENSORES, demandada y apelante.

No. 6410.—*Sometido:* Junio 3, 1933. *Resuelto:* Julio 26, 1933.

*Hon. Procurador General Charles E. Winter y E. Aldrey, Subprocurador,* abogados de la apelante; *Arturo Aponte y R. García Quiñones,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la desestimación del recurso interpuesto en este caso por haberse dilatado innecesariamente su tramitación y por ser frívolo.

De los autos resulta que en enero 21, 1929, Emigdio Isern, pidió a la Corte de Distrito de Humacao que expidiera un auto de *mandamus* dirigido a la Junta Examinadora de Ingenieros para que le otorgara la necesaria licencia para el ejercicio de su profesión de ingeniero electricista.

A la petición se acompañó copia de la declaración jurada presentada por el peticionario a la junta con su solicitud. De ella aparece que el peticionario, de 1892 a 1898, trabajó en el Gobierno Insular como telegrafista en varias poblaciones de la Isla; de 1899 a 1902, estuvo empleado en la S. A. Luz Eléctrica de San Juan, P. R., atendiendo al cuadro de distribución y a las dínamos por la noche y por el día a la extensión de líneas en la ciudad; de 1902 a 1904 fué director de la planta eléctrica del Municipio de Arecibo; de 1904 a 1909 fué inspector de las instalaciones de alumbrado público, de calefacción, de motores, etc., en San Juan, de la P. R. Ry. Light Co., y desde 1909 hasta la fecha de la declaración estuvo ocupado en la agencia de Humacao de dicha compañía atendiendo a las extensiones de líneas tanto primarias como secundarias, montaje de transformadores, motores, cocinas, calentadores y toda clase de aparatos tanto de Humacao como de Yabucoa, Naguabo y Las Piedras, haciendo toda clase de instalaciones para alumbrado, fuerza y calefacción. Y alegó el peticionario que no habiéndose presentado ante dicha junta

prueba alguna para desvirtuar su declaración jurada, la junta estaba obligada de acuerdo con la ley a expedirle la licencia, y eso no obstante se negó a librarla.

El auto fué expedido. Contestó la junta aceptando todos los hechos referentes a la solicitud pero negando que se hubiera demostrado que el peticionario hubiera ejercido como ingeniero electricista por un período mayor de tres años con anterioridad a la fecha en que fué aprobada la Ley No. 31 de 1927. Como defensas especiales alegó que tenía facultad discrecional para apreciar la prueba que le fuera sometida, que el recurso de *mandamus* era improcedente y que la declaración jurada del peticionario no demuestra el ejercicio de la ingeniería eléctrica.

La contestación tiene fecha abril 8, 1929. Transcurrieron más de tres años sin que nada al parecer se actuara en el litigio, hasta que en enero 25, 1933, fué llamado para vista. Compareció el demandante por su abogado y la demandada por medio del fiscal del distrito. Ambas partes sometieron el caso por lo que aparecía de los autos y la corte lo resolvió por sentencia dictada el 10 de febrero siguiente en contra de la demandada. Ésta apeló en marzo y no radicó la transcripción hasta junio treinta.

No nos incumbe considerar la dilación en la tramitación del caso en la corte de distrito; la que se observa en el archivo de los autos ante esta Corte Suprema, podría servir de base a la desestimación, ya que se trata de una transcripción de quince páginas a dos espacios que pudo radicarse sin necesidad de solicitud de prórroga alguna, pero preferimos entrar en los méritos del asunto a los efectos de decidir si el recurso es o no frívolo.

██ Que el recurso de *mandamus* es procedente en casos de esta naturaleza ha sido resuelto varias veces por este tribunal. *Llovet Díaz* v. *Junta Examinadora de Ingenieros,* 40 D.P.R. 583; *Arán* v. *La Junta Examinadora,* 40 D.P.R. 589; *González* v. *La Junta,* 40 D.P.R. 591; *Flores* v. *La Junta,*

40 D.P.R. 592; *Mateo* v. *Junta*, 40 D.P.R. 594, y *Serra* v. *Junta*, 43 D.P.R. 759.

"Cuando los documentos sometidos por el que solicita licencia de la Junta Examinadora de Ingenieros, bastan para sostener un caso prima facie, en ausencia de cualquier prueba en contrario, el deber ministerial de la Junta es expedirle licencia y de negarse a ello puede ser obligada a que la expida mediante *mandamus*," se resolvió en el último de dichos casos—*Serra* v. *Junta*, supra—siguiendo la clara jurisprudencia establecida en los primeros.

Aquí no hubo prueba en contrario. Debe partirse de la certeza de los hechos que contiene la declaración jurada del peticionario. Sostiene la junta que de ellos no surge que el peticionario hubiera ejercido de hecho la profesión de ingeniero eléctrico con tres años de anterioridad a la ley sobre la materia, pero no hemos tenido el beneficio de los argumentos en que funda su contención.

La sección 9 de la Ley No. 31 de 1927, leyes de 1927 pág. 187, en lo pertinente, dice:

"Sección 9.—En cualquier tiempo dentro de los seis meses subsiguientes a la fecha en que esta Ley empiece a regir, la junta expedirá una licencia para el ejercicio de la profesión de ingeniero, arquitecto o agrimensor a cualquier persona que *   *

*    *    *    *    *    *    *

"(b) Haya estado en el ejercicio de la profesión de ingeniero, arquitecto o agrimensor por no menos de tres años con anterioridad a la fecha de la aprobación de esta Ley.

"A menos que exista prueba en contrario, la junta aceptará como evidencia satisfactoria la declaración jurada, expresada en la solicitud, de que el solicitante ha ejercido la profesión de ingeniero, arquitecto o agrimensor por un período de tres años."

Juzgando por sí misma la corte de distrito estimó que la demostración de práctica que surge de la declaración jurada del peticionario era suficiente, y actuó en justicia a nuestro juicio.

La ingeniería eléctrica es, dice la Nelson's Encyclopedia,

"aquella rama de la ingeniería que tiene como idea básica el control de la energía eléctrica para el servicio humano con la mayor eficiencia que sea compatible con la inversión económica. Puede dividirse de acuerdo con la clase de servicio envuelto en: telefónica, telegráfica, electroquímica, electroferroviaria, generación y trasmisión de energía, aplicaciones industriales, alumbrado, etc. No se puede hacer una clasificación rígida, sin embargo, toda vez que muchos de estos servicios dependen entre sí. En todas las divisiones pueden observarse más o menos claramente tres clases de esfuerzo: (1) esfuerzo inventivo que abarca la investigación de los fenómenos, y el diseño y construcción de aparatos para utilizar descubrimientos; (2) el esfuerzo para el desarrollo del servicio, que abarca el estudio de las condiciones naturales, agrupación de la maquinaria y estudio y construcción de obras completas a fin de utilizar las fuerzas naturales y las invenciones humanas; (3) esfuerzo o gestión relativa al funcionamiento, que abarca la manipulación diaria de las máquinas y el suministro del servicio."

No se trata aquí de un inventor, ni de un hombre que pudiera llamarse de ciencia, pero el hecho de que el peticionario viene dedicado desde hace más de cuarenta años a una práctica constante en relación con obras a virtud de las cuales la electricidad transformada en fuerza o luz se pone al servicio inmediato de la comunidad, es evidente.

*Siendo frívolo, en verdad, debe declararse con lugar la moción del apelado y en su consecuencia desestimarse el recurso, a fin de no dilatar más la ejecución de la sentencia dictada por la corte de distrito.*

El Juez Asociado Señor Aldrey no intervino.