Francisco Gracia Rivera, demandante y apelante, *v.* Junta Examinadora de Químicos de Puerto Rico, demandada y apelada.

Núm. 9325.—*Sometido:* Noviembre 8, 1946. *Resuelto:* Enero 23, 1947.

*José C. Jusino,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato) y *J. Rivera Barreas, Procurador General Auxiliar,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En 26 de abril de 1932 la Legislatura de Puerto Rico aprobó la Ley número 31 (Leyes de 1931–32, pág. 257), titulada "Ley para Regular el Ejercicio de la Profesión de Químico, etc.," (Compilación de 1941, pág. 1260). La sección 1 de dicha Ley previene que toda persona que se dedique en Puerto Rico al ejercicio de la profesión de químico o "analizador" público, deberá en lo sucesivo poseer una licencia de químico. Para cumplir las disposiciones de la Ley, la sección 2 de la misma crea la "Junta Examinadora de Químicos." La sección 8 dispone que la Junta no concederá examen de químico a persona alguna que no posea un grado universitario (*degree*) con química como ciencia principal o un título profesional de químico, otorgado por una universidad o colegio de buena reputación. La sección 9, inciso (*b*), que es la base de la controversia en este caso, dispone:

"Sección 9.—Dentro de los seis meses subsiguientes a la fecha en que entre en vigor esta Ley, la junta expedirá una licencia para el ejercicio de la profesión de químico a cualquiera persona que, una vez satisfechos los derechos que más adelante se estipulan, reúna uno de los requisitos siguientes:

"(a)           *           *           *           *           *           *           *

"(b) Que por cinco años con anterioridad a la fecha en que empiece a regir esta Ley se haya venido dedicando al ejercicio de la profesión de químico de acuerdo con la sección primera de esta Ley, *habiendo estado, por lo menos durante dos años, a cargo de trabajos técnicos de responsabilidad que requieran iniciativa y juicio propio para ejecutarlos y demuestre satisfactoriamente su experiencia como químico a tenor de lo dispuesto en la sección primera de esta Ley.*" (Bastardillas nuestras.)

El término de seis meses fijado por la sección 9, supra, fué prorrogado hasta febrero 5 de 1943 por disposición expresa de la Ley núm. 117, aprobada el 7 de mayo de 1942 (Leyes de 1942, (1) pág. 697).

En 5 de noviembre de 1942, el demandante Francisco Gracia Rivera radicó ante la Junta demandada una solicitud

para que se le expidiera una licencia de químico, alegando que durante más de cinco años con anterioridad a la aprobación de la Ley núm. 31 de 1932 se vino dedicando al ejercicio de la profesión de químico, habiendo estado por más de cinco años a cargo de trabajos técnicos de responsabilidad que requerían iniciativa y juicio propios para ejecutarlos. En apoyo de su solicitud el demandante presentó cuatro declaraciones juradas tendientes a acreditar su buena conducta y reputación y su experiencia como químico. Declarada sin lugar dicha solicitud, acudió el demandante ante la Junta solicitando la reconsideración y acompañando dos nuevas declaraciones juradas por dos médicos, quienes hacen constar que el demandante fué empleado por los declarantes durante muchos años para trabajos de análisis y síntesis químicos y que sus servicios fueron satisfactorios. La Junta denegó por segunda vez la solicitud y ratificó el acuerdo anterior. En 11 de febrero de 1943 el demandante radicó una nueva solicitud pidiendo ser oído sobre los méritos de su caso y ofreciendo prueba adicional.

En su demanda radicada ante la Corte de Distrito de Bayamón el demandante, después de exponer los hechos que ya hemos relatado, alega que la Junta nada ha dispuesto sobre su última solicitud para ser oído, motivo por el cual se ve obligado a instar este procedimiento de *mandamus* para que se ordene a la Junta demandada a extender al demandante la licencia por él solicitada.

Expedido el auto condicional, compareció la Junta y contestó la demanda negando específicamente todas las alegaciones de la demanda referentes a la alegada práctica del demandante en el ejercicio de la profesión de químico. Alegó la Junta que a pesar de no estar obligada por ley a controvertir la veracidad de las declaraciones del solicitante, la Junta estudió e investigó dichas declaraciones y llegó a la conclusión de que "no se justificaba la expedición de la licencia de químico al peticionario." Negó la Junta que el de-

mandante hubiera suministrado prueba suficiente de su capacidad como químico. Negó también que la Junta no hubiera resuelto nada sobre la última solicitud para ser oído radicada por el demandante; alegando en contrario, que por carta de 13 de febrero de 1943, la Junta le notificó al demandante que le avisaría la fecha en que oiría a sus testigos para resolver el caso, no pudiendo hacerlo en seguida por haber muchas solicitudes pendientes.

Como materia nueva, la demandada alegó que la solicitud del demandante fué denegada porque éste no probó a satisfacción de la Junta haber cumplido con los requisitos de la sección 1 de la ley, supra; que la prueba presentada no demostró satisfactoriamente que el demandante se dedicara a la profesión de químico, por entender que las personas que firmaron las declaraciones juradas no estaban capacitadas para calificar el trabajo del demandante; y, por último, que el recurso de mandamus es improcedente, por haber la Junta actuado dentro de la facultad discrecional que la ley le concede para apreciar la prueba que le fué sometida.

En 27 de diciembre de 1945 la corte inferior dictó sentencia declarando sin lugar la demanda. Apeló el demandante, señalando como errores cometidos por la corte inferior: (1) el de no haber dado valor probatorio a la evidencia del demandante; (2) al concluir que la Junta había hecho buen uso de sus facultades discrecionales; (3) al admitir prueba de la demandada que es inmaterial e impertinente; y (4) al dar valor probatorio a prueba objetada por el demandante y no admitida por la Corte.

■■ El demandante presentó como única prueba copias certificadas de las solicitudes y declaraciones juradas presentadas por él a la Junta. Analizando dicha prueba la corte inferior se expresó así:

"De todas las personas que prestaron declaración ante la Junta repecto a la experiencia y conocimiento del demandante, la que en mejores condiciones está de aquilatar dichas cualidades en el deman-

dante, es su hermana, la Sra. Gracia Rivera, porque junto a ella ha trabajado por muchos años. Sin embargo, en su declaración ella expresa, como hemos dicho, que él trabajaba bajo su dirección en los análisis que hacía. Si el demandante hacía los análisis *bajo la dirección* de la regente de la Farmacia, no ejercía su propia iniciativa ni su propio juicio como la ley exige, sino que actuaba de acuerdo con las direcciones que recibía de acuerdo con el juicio y la iniciativa propios de la testigo. Hay más aún. De acuerdo con la prueba, en el año 1932, la Sra. Gracia Rivera ·solicitó licencia de Química; y el demandado (*sic*) expidió una certificación que se unió a la solicitud expresando que la solicitante, era la encargada de los análisis de drogas y productos químicos de la Farmacia San Miguel. Al solicitar el demandado (*sic*) su licencia, la Sra. Gracia Rivera declara que el demandante es la persona que hace, aunque bajo su dirección, los análisis químicos de responsabilidad.

''Tanto la Sra. Gracia Rivera, como los doctores Rodríguez, en sus declaraciones, se limitan a decir, repitiendo las palabras del estatuto, que el demandante realizaba trabajos de química que requerían iniciativa y juicio propios, habiendo demostrado satisfactoriamente su experiencia en tales trabajos. Pero es la Junta demandada la que tiene la autoridad, y también la responsabilidad, de resolver si el demandante ha demostrado satisfactoriamente su experiencia como químico. El demandante no le ofreció a la Junta prueba concreta que demostrara satisfactoriamente su experiencia. No le dijo a la Junta demandada qué exámenes y análisis fueron los que practicó durante el tiempo a que se contraen las declaraciones juradas sometidas por él ni en qué consistía su experiencia, ni cómo, ni de qué manera ejercía su iniciativa y juicio propios en la práctica de dichos análisis. Ante la Corte tampoco hay prueba alguna que robustezca la presentada ante la Junta, y en ausencia de ella, la Corte es de opinión que la Junta actuó dentro de su discreción al denegar la solicitud.''

Ya hemos visto que la ley requiere que el solicitante de una licencia ''demuestre satisfactoriamente su experiencia como químico.'' Y es a la Junta a la que la misma ley concede la facultad discrecional necesaria para resolver si la evidencia demuestra de una manera satisfactoria la experiencia del solicitante como químico. Hemos examinado detenidamente las declaraciones juradas y no estamos preparados para decir que la Junta demandada y la corte inferior erra-

ran al resolver que las mismas eran insuficientes. El demandante tuvo una oportunidad para ampliar su prueba ante la corte inferior y no la aprovechó, prefiriendo descansar su caso en las declaraciones ya presentadas ante la Junta.

Los casos de mandamus contra la Junta Examinadora de Ingenieros,[1] citados por el apelante, no son de aplicación a su caso. La sección 9 de la Ley núm. 31 de 1927 (pág. 187) dispone que dentro de los seis meses subsiguientes a la aprobación de la ley, la Junta Examinadora de Ingenieros expedirá una licencia de ingeniero a cualquier persona que ''haya estado en el ejercicio de la profesión de ingeniero . . . por no menos de tres años con anterioridad a la fecha de la aprobación de esta Ley;'' y dispone, además, lo siguiente:

''A menos que exista prueba en contrario, la junta *aceptará como evidencia satisfactoria la declaración jurada,* expresada en la solicitud, de que el solicitante ha ejercido la profesión de ingeniero, arquitecto o agrimensor por un período de tres años.'' (Bastardillas nuestras.)

En el primero de dichos casos, *Llovet* v. *Junta,* se resolvió que procedía el mandamus, porque de la mera declaración de que el peticionario había ejercido como ingeniero por más de tres años, no habiendo prueba en contrario, surgió el deber ministerial de la Junta de expedir la licencia. Los otros tres casos fueron resueltos aplicando a ellos la decisión del caso de *Llovet.* La ley citada impone a la Junta Examinadora de ingenieros la obligación de aceptar como evidencia satisfactoria la declaración del solicitante, salvo en el caso en que se presente prueba en contrario.

La Ley que estamos considerando no impone a la Junta Examinadora de Químicos la obligación ministerial de aceptar *como evidencia satisfactoria* la declaración jurada del solicitante. Es éste el que está obligado a demostrar a satisfacción de la Junta su experiencia como químico; y es la Junta la llamada a apreciar la prueba del solicitante y a

---

[1]*Llovet* v. *Junta,* 40 D.P.R. 583; *Arán* v. *Junta,* 40 D.P.R. 589; *González* v. *Junta,* 40 D.P.R. 591; *Flores* v. *Junta,* 40 D.P.R. 592.

resolver si ella es satisfactoria o suficiente para justificar la expedición de la licencia.

██ Con frecuencia hemos resuelto que no procede el mandamus para obligar a la ejecución de actos encomendados a la facultad discrecional de un funcionario o junta, a no ser que se demuestre que se ha abusado de esa discreción. *Lutz v. Post, Gobernador de Puerto Rico,* 14 D.P.R. 860; *Dyer v. Rossy,* 23 D.P.R. 772; *Santiago v. Feuille,* 10 D.P.R. 432; *De Diego, et al. v. Cámara de Delegados,* 5 D.P.R. 114 (2da ed.); *Negrón, et al. v. El Superintendente de Elecciones,* 11 D.P.R. 366; *Registrador de Guayama v. Attorney General,* 28 D.P.R. 354, y *El Pueblo, et al. v. Arrillaga,* 30 D.P.R. 952. También hemos resuelto que cuando un funcionario tiene facultad para considerar prueba y luego resolver, el deber es judicial o cuasi judicial y por tanto discrecional. *Meléndez v. Junta Examinadora de Contadores,* 42 D.P.R. 405.

Habiendo llegado a la conclusión de que no procede el mandamus, creemos innecesario discutir los dos señalamientos restantes.

*La sentencia recurrida debe ser confirmada.*