EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Transporte Rodríguez, Asfalto Inc.<br><br>Recurridos<br><br>v.<br><br>Junta de Subastas Municipio de Aguadilla<br><br>Peticionarios<br><br>Betterecycling Corp., Asphalt Solutions<br><br>Recurridos | Certiorari<br><br>2016 TSPR 35<br><br>194 DPR ____ |

Número del Caso: CC-2014-1035


Fecha: 1 de marzo de 2016


Tribunal de Apelaciones:

      Región Judicial de Mayagüez y Aguadilla, Panel X


Abogados de la parte Peticionaria:

      Lcdo. Pablo B. Rivera Díaz
      Lcda. Pamela Rivera-De León


Abogado de la parte Recurrida:
Betterecycling

      Lcdo. Ariel Marrero Otero

Abogado de la parte Recurrida:
Transporte Rodríguez


      Lcdo. Edwin A. Avilés Pérez


Materia: Derecho Administrativo - Requisito de notificar término para solicitar reconsideración en casos de adjudicación de subastas municipales.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Transporte Rodríguez, Asfalto Inc.<br><br>Recurridos<br><br>v.<br><br>Junta de Subastas Municipio de Aguadilla<br><br>Peticionarios<br><br>Betterecycling Corp., Asphalt Solutions<br><br>Recurridos | CC-2014-1035 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 1 de marzo de 2016.

Comparece la parte peticionaria, la Junta de Subastas del Municipio de Aguadilla y nos solicita que dejemos sin efecto una sentencia dictada por el Tribunal de Apelaciones el 14 de octubre de 2014. Mediante la misma, el foro apelativo intermedio revocó la adjudicación de una subasta y devolvió el caso a la Junta para que indicara el término que tienen las partes para acudir en reconsideración y notificara adecuadamente la adjudicación a todas las partes.

Nos corresponde determinar si erró el Tribunal de

Apelaciones al revocar una subasta para el suministro de bienes al amparo de la Ley de Municipios Autónomos *del Estado Libre Asociado de Puerto Rico (Ley de Municipios Autónomos),*[1] por entender que la notificación de la misma era insuficiente al no disponer el término que tenían las partes para presentar una reconsideración ante la Junta de Subastas. Resolvemos que la notificación según fue emitida es válida y suficiente bajo nuestro estado de derecho.

I

El 4 de marzo de 2014, el Municipio Autónomo de Aguadilla publicó una notificación y Aviso de Subasta en el periódico Primera Hora. La reunión de apertura del proceso de subasta se pautó para ser celebrada el 27 de marzo de 2014.

A la subasta de referencia asistieron como licitadores cuatro entidades. Estas fueron, Betterecycling Corporation (Betterecycling), E&M Asfalto (E&M), Transporte Rodríguez Asfalto (Transporte Rodríguez) y Asphalt Solutions Hatillo, LLC. (Asphalt Solutions). El 7 de mayo de 2014 la Junta de Subastas del Municipio de Aguadilla (la Junta de Subastas) adjudicó en parte la subasta de referencia a Betterecycling y otra porción de la misma a Asphalt Solutions. Inconforme con

---

[1] Ley Núm. 81 de 30 de agosto de 1991, según enmendada.

tal adjudicación, Asphalt Solutions presentó el 19 de mayo de 2014 un recurso de revisión administrativa ante el Tribunal de Apelaciones, cuyo número de referencia es el KLRA201400430. Por su parte, Transporte Rodríguez acudió el mismo día ante el tribunal apelativo intermedio mediante el recurso de revisión administrativa KLRA201400433. El 30 de mayo de 2014 el Tribunal de Apelaciones consolidó los dos recursos de revisión administrativa antes señalados.

Así las cosas, el 19 de junio de 2014 el foro apelativo intermedio emitió una sentencia en la cual revocó la adjudicación de la subasta impugnada y devolvió el caso de autos ante la Junta de Subastas para que esta fundamentara y notificara nuevamente la adjudicación a todas las partes.

Posteriormente, el 29 de agosto de 2014 la Junta de Subastas emitió una Notificación de Adjudicación de Subasta. En resumidas cuentas, adjudicó la subasta número 2015-12 "Suministro de brea fría/caliente" a los licitadores Betterecycling, Corp. (renglones 2, 3, 4, 5 y 6) y Asphalt Solutions (renglón 1) por renglones a base del precio más económico. Los renglones del 7 al 9 no fueron adjudicados por entenderse que el precio cotizado no era razonable. Para dicha determinación, la Junta tomó en consideración los porcientos del parámetro de inversión que otorga la Junta de Inversión a la Industria

Puertorriqueña. Como parte de la notificación, la Junta apercibió a cualquier parte afectada sobre su derecho a solicitar la revisión de dicha decisión ante el Tribunal de Apelaciones dentro del término jurisdiccional de 10 días contados a partir del archivo en autos de la copia de la Notificación de Acuerdo Final de Adjudicación. Esto, de conformidad con el *Artículo 15.002 de la Ley de Municipios Autónomos,* supra.

Inconforme con dicha determinación, el 8 de septiembre de 2014, Transporte Rodríguez acudió nuevamente ante el Tribunal de Apelaciones mediante el recurso de revisión administrativa KLRA201400937. En lo pertinente, alegó que la Junta de Subastas había errado al adjudicar al postor más alto en precio sin existir en el expediente administrativo evidencia que justificara su determinación y al no haber notificado a los no favorecidos las razones por las cuales no se les adjudicó la subasta.

Así las cosas, el 16 de octubre de 2014, el Tribunal de Apelaciones notificó una sentencia mediante la cual devolvió el caso ante la Junta de Subastas para que indicara el término que tenían las partes para acudir en reconsideración y notificara correctamente la adjudicación a todas las partes. El foro apelativo intermedio razonó que la notificación de la subasta fue errónea por no informar a las partes el término que

tenían para solicitar una reconsideración ante la Junta de Subastas. Expresó que, una vez la Junta de Subastas notificara la adjudicación de la subasta correctamente, las partes adversamente afectadas podían presentar un recurso de revisión administrativa ante el foro apelativo intermedio.

El 16 de octubre de 2014, la Junta de Subastas presentó una reconsideración, la cual fue declarada no ha lugar y notificada el 4 de noviembre de 2014.[2]

Insatisfecha, el 3 de diciembre de 2014, la Junta de Subastas presentó un recurso de *certiorari* ante este Foro. En el mismo, señaló que los siguientes errores fueron cometidos por el Tribunal de Apelaciones:

> Erró el Honorable Tribunal de Apelaciones, al no resolver que la determinación de la Junta de Subastas fue conforme a lo dispuesto en la Ley Núm. 81 de 30 de agosto de 1991, según enmendada conocida como *Ley de Municipios Autónomos*; el Reglamento para la Administración Municipal, promulgado por la Oficina del Comisionado de Asuntos Municipales (OCAM), Reglamento Núm. 7539; el Reglamento de la Junta de Subastas del Municipio de Aguadilla; la Ley 14-2004, según enmendada, y el estado de derecho vigente.

> Erró el Honorable Tribunal de Apelaciones, al revocar la adjudicación de la subasta núm. 2015-12 y establecer por fiat judicial que la Junta de Subastas debe indicar el término que tienen las partes para acudir en reconsideración ante la propia Junta de Subastas, lo que es contrario al Estado de Derecho vigente.

> Examinadas las circunstancias particulares del

---

[2] Véase apéndice de recurso de *certiorari*, *Notificación de Resolución en Reconsideración*, págs. 71-74.

presente caso, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, procedemos a resolver mediante los fundamentos que expondremos a continuación.

## II

Las subastas son el proceso por el cual se invitan a varios proponentes para que presenten ofertas para la realización de obras o adquisición de bienes y servicios.[3] En varias ocasiones hemos reconocido el alto interés público del proceso de subastas en el gobierno.[4] Esto pues, el propósito primordial del proceso de subasta es proteger los fondos públicos fomentando la libre y diáfana competencia entre el mayor número de licitadores posibles.[5] Así, se pretenden evitar influencias ajenas al beneficio para el interés público. Por medio de las subastas gubernamentales el Gobierno maximiza la posibilidad de obtener el mejor contrato, mientras se protegen los intereses y activos del pueblo contra el dispendio, el favoritismo, la corrupción, y el descuido al otorgarse los contratos.[6] De esta forma, el Gobierno

---

[3] Aluma Const. v. AAA, 182 DPR 776, 782 (2011); Perfect Cleaning v. Cardiovascular, 172 DPR 139, 143 (2007).

[4] Caribbean Communications v. Pol. de P.R., 176 DPR 978, 994-995 (2009); Hatton v. Mun. de Ponce, 134 DPR 1001, 1005 (1994); Great American Indemnity Co. v. Gobierno de la Capital, 59 DPR 911, 916 (1942).

[5] Empresas Toledo v. Junta de Subastas, 168 DPR 771, 778 (2006).

[6] Costa Azul v. Comisión, 170 DPR 847, 854 (2007); AEE v. Maxon, 163 DPR 434, 438-439 (2004).

puede llevar a cabo sus funciones como comprador de una forma eficiente, honesta y correcta para proteger los intereses y el dinero del pueblo.[7]

En Aluma Const. v. AAA[8] reconocimos que no existe una ley que regule los procedimientos de subasta con uniformidad. Ciertamente, la Ley de Procedimiento Adjudicativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU) regula varios aspectos de las subastas llevadas a cabo por las agencias gubernamentales. Sin embargo, dicha ley excluye específicamente de su definición de "agencia" a los "gobiernos municipales o sus entidades o corporaciones".[9] Por lo tanto, la LPAU resulta inaplicable a los procedimientos de subastas efectuados por los gobiernos municipales como en el caso de autos.

Por otra parte, las subastas celebradas por los municipios quedan reguladas por las disposiciones de la Ley Núm. 81—1991, según enmendada, conocida como Ley de Municipios Autónomos de Puerto Rico, supra (Ley de Municipios Autónomos).[10] En lo relativo, en su Art. 15.002 establece cuál es el foro judicial que deberá revisar el

---

[7] Aluma Const. v. AAA, supra, págs. 782-783; Cordero Vélez v. Mun. de Guánica, 170 DPR 237, 245 (2007).

[8] 182 DPR 776, 783 (2011).

[9] Véase, la sec. 1.3 de la Ley de Procedimiento Adjudicativo Uniforme, 3 LPRA sec. 2102.

[10] Arts. 10.001-10.007, 21 LPRA sec. 4001 et seq. Véase, además Pta. Arenas Concrete, Inc. v. J. Subastas, 153 DPR 733, 739 (2001).

acuerdo final o la adjudicación de la Junta de Subastas.

Este artículo, junto con el Art. 10.006 fueron enmendados

por la Ley Núm. 213 de 29 de diciembre de 2009 para

modificar el inciso (a), en cuanto a la manera en que la

adjudicación de la subasta será notificada a las partes.

Esta enmienda establece lo siguiente:

Artículo 10.006 Junta de Subasta—Funciones y deberes

La Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración, y otros.

(a) Criterios de adjudicación - Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. […] La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.

Tal adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta notificará a los licitadores no agraciados, las razones por las cuales no se le adjudicó la subasta. **Toda**

**adjudicación tendrá que ser notificada a cada uno de los licitadores apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones de conformidad con el Artículo 15.002 de esta Ley.** (Énfasis suplido)

[…]

Por su parte, el Artículo 15.002, fue también enmendado para incluir un segundo inciso mediante el cual se le provee al Tribunal de Apelaciones jurisdicción exclusiva sobre las revisiones de acuerdos finales o adjudicaciones de la Junta de Subastas. Este artículo establece lo siguiente:

Artículo 15.002. Tribunal de Primera Instancia y Tribunal de Apelaciones

(1) El Tribunal de Primera Instancia de Puerto Rico entenderá y resolverá con exclusividad, a instancias de la parte perjudicada, sobre los siguientes asuntos:

[…]

(2) **El Tribunal de Apelaciones revisará, con exclusividad, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término.** La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio. (Énfasis suplido.)

En lo pertinente al caso de epígrafe, el Reglamento para la Administración Municipal en su parte II, sección 13, expone lo relativo al aviso de adjudicación de subastas.[11] El inciso 3 de dicha sección establece que **la notificación de la adjudicación debe contener lo siguiente:** (1) nombre de los licitadores; (2) síntesis de las propuestas sometidas; (3) factores y criterios que se tuvieron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos; **(4) derecho a solicitar revisión judicial de la adjudicación o acuerdo final ante el Tribunal de Apelaciones, dentro del término jurisdiccional de 20 días,[12] contados a partir del depósito en el correo de la notificación de adjudicación.**

De igual forma, el Reglamento de la Junta de Subasta del Municipio de Aguadilla establece que el mecanismo para solicitar la revisión de la adjudicación de subasta es por medio de la revisión judicial. Particularmente, en el artículo XXVIII de su sexta parte, sobre las notificaciones de la adjudicación de subasta, se establece lo siguiente:

**Artículo XXVIII. Notificación[13]**

---

[11] Reglamento para la administración municipal Núm. 7539, Oficina del Comisionado de Asuntos Municipales, 18 de julio de 2008.

[12] A pesar de que el Reglamento aún no lo refleja, este término fue reducido a 10 días en virtud de lo dispuesto por la Ley Núm. 213-2009.

[13] Por lo que aparenta ser un error en la codificación, el Reglamento de Subasta del Municipio de Aguadilla contiene dos artículos en su sexta parte con la numeración XXVIII. No obstante, aclaramos que

En cualquier acuerdo sobre la determinación de una subasta, la notificación deberá expresar el derecho de Revisión que tiene cualquier persona afectada por la decisión de la Junta, **el término jurisdiccional de diez (10) días para presentar la Revisión Judicial de la Adjudicación** y que el término jurisdiccional empezará a partir del archivo en autos de copia de la notificación del acuerdo final o adjudicación. Esta notificación será enviada al licitador que se lleve la buena pro y a los licitadores agraciados. Además, se incluirá las razones por las cuales no se adjudicó a los no agraciados.

La notificación contendrá la advertencia de que se reserva el derecho de cancelar cualquier adjudicación antes de la formalización del contrato u orden de compra. Contendrá además, la advertencia de que si el postor agraciado no cumple con las condiciones expuestas se someterá a las penalidades establecidas por ley y reglamento, o los que se expresen en la subasta. (Énfasis suplido).[14]

Por nuestra parte, desde antes de aprobado el referido reglamento, habíamos reconocido que para una efectiva revisión judicial, el debido proceso de ley exige que toda notificación de adjudicación de una subasta municipal sea adecuada.[15] Además, reconocimos que para hacer efectivo el derecho a una revisión judicial, es necesario que se advierta en la notificación de adjudicación de una subasta municipal el derecho a

---

hacemos referencia al segundo de estos, pertinente a la notificación de la adjudicación de la subasta.

[14] Cabe destacar que a pesar de que el estado de derecho actual no contempla que una parte pueda solicitar la reconsideración a la Junta de Subasta, nada impide que el Municipio de Aguadilla en su momento adopte las medidas necesarias para que motu proprio se le permita rectificar una adjudicación de subasta antes de estar el asunto bajo la jurisdicción de los tribunales.

[15] Torres Prods. v. Junta Mun. Aguadilla, 169 DPR 886, 893(2007).

procurar **revisión judicial**; el término disponible para hacerlo; y la fecha del archivo en autos de copia de la notificación de la adjudicación.[16]

En cuanto a la notificación, la misma tendrá que ser clara, eficaz y cursada por escrito.[17] El propósito de este tipo de notificación es que los licitadores perdidosos tengan la oportunidad de solicitar **revisión judicial** de la determinación de la Junta de Subastas, dentro del término jurisdiccional aplicable. Además, se requiere que la notificación de una adjudicación sobre subastas incluya los fundamentos que justifiquen su determinación, aunque sea de forma breve, sucinta o sumaria. Ello pues, **los tribunales** podrán efectivamente revisar los fundamentos para determinar si la determinación de la junta ha sido arbitraria, caprichosa o irrazonable.[18]

III

La parte peticionaria comparece ante este Foro y en síntesis alega que el Tribunal de Apelaciones erró al no resolver que la determinación de la Junta de Subastas fue conforme al derecho vigente aplicable. Para ello, la peticionaria arguye que con su determinación, el tribunal

---

[16] Torres Prods. v. Junta Mun. Aguadilla, *supra,* pág. 894. (Énfasis nuestro). Véase, además, IM Winner, Inc. v. Mun. de Guayanilla, 151 DPR 30, 38 (2000).

[17] Cordero Vélez v. Mun. de Guánica, supra, pág. 247.

[18] Pta. Arenas Concrete, Inc. v. J. Subastas, *supra,* pág. 742.

apelativo intermedio estableció mediante *fiat* judicial que la Junta de Subastas debía indicar el término que tenían las partes para acudir en reconsideración, lo cual es contrario al estado de derecho vigente. Le asiste la razón.

Del expediente surge que la peticionaria incluyó en su notificación toda la información requerida por la Ley de Municipios Autónomos, supra. Además, la notificación cumple cabalmente con nuestros pasados pronunciamientos en cuanto a la notificación adecuada para la adjudicación de subastas realizadas por los municipios. Así pues, se cumplió con el debido proceso de ley, de forma tal que las partes pudieran ejercer efectivamente su derecho a solicitar revisión judicial.

Tal como señalamos anteriormente, las subastas llevadas a cabo por los municipios están reguladas por la Ley de Municipios Autónomos y no por la LPAU. Dicha ley, a diferencia de la LPAU, no provee para que las partes adversamente afectadas por una adjudicación de subasta presenten un recurso de reconsideración ante la Junta de Subastas. Por ello, **en lo relativo a la adjudicación de subastas municipales, la parte adversamente afectada no tiene disponible el mecanismo de reconsideración ante la Junta de Subastas, sino que deberá acudir en revisión judicial ante el Tribunal de Apelaciones**. Es evidente entonces que, una notificación de adjudicación de subasta

realizada al amparo de la Ley de Municipios Autónomos no puede disponer de un término para llevarse a cabo una reconsideración, cuando el estado de derecho vigente no le reconoce el derecho a solicitar reconsideración. Por lo tanto, la determinación del foro apelativo primario no está fundamentada en el estado de derecho vigente.

Conforme todo lo anterior, el Tribunal de Apelaciones erró al revocar la adjudicación de la subasta 2015-12 y ordenar a la peticionaria a incluir en la notificación una solicitud de reconsideración no contemplada en la ley, ignorando así, el estado de derecho aplicable. Consecuentemente, erró el Tribunal de Apelaciones al determinar que la notificación de subasta fue insuficiente e inválida por no contener un término para solicitar reconsideración ante la Junta de Subastas.

Por los fundamentos antes expuestos, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Apelaciones para que resuelva conforme con lo aquí expuesto.

Se dictará Sentencia de conformidad.


                                    Erick V. Kolthoff Caraballo
                                          Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Transporte Rodríguez, Asfalto Inc.<br><br>Recurridos<br><br>v.<br><br>Junta de Subastas Municipio de Aguadilla<br><br>Peticionarios<br><br>Betterecycling Corp., Asphalt Solutions<br><br>Recurridos | CC-2014-1035 | Certiorari |

SENTENCIA

En San Juan, Puerto Rico, a 1 de marzo de 2016.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Apelaciones para que resuelva conforme con lo aquí expuesto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo