Sucrs. de L. Villamil & Co., demandantes y apelados, *v.* Bernardo Díaz, demandado; y Frank Laborda Jr., (fiador) apelante.

No. 4995.—*Sometido:* Enero 24, 1930. *Resuelto:* Julio 30, 1930.

*Mariano Acosta Velarde,* abogado del apelante; *Juan B. Soto,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Para asegurar la efectividad de la sentencia la demandante y apelada embargó un automóvil "Chrysler". Dos fiadores suscribieron una fianza para levantar el embargo del mismo. En el presente caso se dictó sentencia finalmente contra uno de los fiadores, Frank Laborda, Jr., por la suma total adeudada por Bernardo Díaz, el deudor original.

En apelación varios de los errores señalados se refieren a la actuación de la corte al declarar válida la fianza, en vista de los convenios celebrados por las partes originales mientras se tramitaba el pleito sin notificarse a los fiadores. Mediante una estipulación presentada en el caso, la corte en realidad dictó sentencia a virtud de la cual se permitía al deudor original efectuar pagos mensuales y se suspendía la ejecución de la sentencia, a menos que el demandado dejara de cumplir su compromiso.

Este no es un caso en que los fiadores se hacen generalmente responsables de la deuda de otra persona. A virtud del levantamiento del embargo sobre el automóvil, la fianza respondía de la cantidad total adeudada si se dictaba sentencia contra el deudor. El automóvil fué exonerado, la sentencia fué dictada y la obligación garantizada por la fianza era absoluta. De no haberse exonerado el automóvil, éste hubiese respondido de la deuda y los fiadores responden de igual manera. Tal fué la clara intención de las partes y

cualquier consideración de los derechos generales de los fiadores en otros casos cede ante la clara intención de las partes.

El principal señalamiento de error es que la corte no tenía facultad para resolver que la obligación de los fiadores era mancomunada y solidaria. La teoría es que el contrato de fianza, por regla general, es una obligación mancomunada. Al sostener lo contrario la corte inferior se basó en el caso de *Arbona Hnos.* v. *H. C. Christianson & Co.*, 26 D.P.R. 284 y *Muriente* v. *Terraza et al*, 22 D.P.R. 738. El apelante hace una distinción del primer caso basándose en que allí no había cuestión de mancomunidad o solidaridad o algo similar, y del segundo fundándose en que las partes convinieron en ser mancomunada y solidariamente responsables. Este último caso, sin embargo, resuelve claramente que una fianza para garantizar una sentencia es judicial y que la obligación de los fiadores es distinta al contrato convencional o voluntario de fianza ordinario. Empero, el caso resolvió que un fiador en una fianza judicial se hacía responsable mancomunada y solidariamente con el deudor principal. De ahí parece desprenderse que si la obligación de un fiador es mancomunada y solidaria con la del deudor, no es necesario que consideremos las posibles relaciones entre los fiadores. Cada uno de ellos responde mancomunada y solidariamente al demandante al aceptar éste la garantía de ellos. Puede decirse que cada uno de ellos se hizo a sí mismo, a sus herederos, albaceas y administradores—copiando la fraseología de la fianza—individualmente responsable.

*Debe confirmarse la resolución.*

El Juez Asociado Señor Texidor no intervino.