Great American Indemnity Company y Puerto Rico Auto Corporation, peticionarias y apelantes, *v.* Gobierno de la Capital y la Junta Administrativa de dicho Gobierno de la Capital, actuando como Junta de Subastas, etc., demandados y apelados.

Núm. 8454.—*Sometido:* Febrero 3, 1942. *Resuelto:* Febrero 17, 1942.

*Francis & Belaval,* abogados de los apelantes; *J. Valldejuli Rodríguez,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Ésta es una apelación contra una sentencia de la Corte de Distrito de San Juan desestimando una petición de *mandamus.* La petición alegaba que el Gobierno de la Capital anunció una subasta para la compra por dicha Capital de diez *trucks* para servicio de limpieza pública; que en dicho anuncio de subasta se exigía que cada postor prestara una fianza por el diez por ciento de su proposición, en metálico, o mediante cheque certificado; que la peticionaria Puerto Rico Auto Corporation sometió una proposición de $19,500 para diez trucks marca "Fargo", acompañada de una fianza por compañía de seguro; que cuando se abrieron las proposiciones, la Junta Administrativa de la Capital rehusó considerar esta proposición basándose en que la misma era insuficiente porque la fianza sólo estaba firmada por la peticionaria Great American Indemnity Company, una compañía aseguradora, y no por el principal, la compañía de automóviles; que esta proposición era la más baja; que la proposición fué rechazada arbitrariamente y sin justa causa; que la adjudicación del contrato pudo haberse hecho inmediatamente; que las peticionarias no tenían otro remedio excepto

la solicitud de mandamus de acuerdo con el párrafo (c) de la sección 46, ley núm. 99, Leyes de 1931 (pág. 623). En la súplica se solicitaba un auto de mandamus ordenando a los demandados a considerar la proposición de la compañía de automóviles y adjudicarle a ésta el contrato.

Nos confrontamos inicialmente con el hecho de que la petición alega que el anuncio de subasta exigía una fianza *en metálico o por cheque certificado*. Alega entonces la petición que la fianza ofrecida era una *por compañía aseguradora,* la cual fianza fué rechazada. Pero los demandados aparentemente no insinúan que aun sería insuficiente una fianza debidamente otorgada por compañía aseguradora. La explicación descansa en el hecho de que el pliego de condiciones, que suplementaba el anuncio de subasta, disponía que una fianza por compañía aseguradora podía ser prestada. Aunque se hubiera aclarado una discrepancia aparente si este hecho adicional hubiera sido alegado en la petición, su omisión no hizo la solicitud fatalmente defectuosa, en vista de la alegación que se hace en ella de que la única razón para el rechazo de la fianza fué la falta de la firma de la principal.

Aquí el problema no es encontrar la regla de derecho adecuada, sino el aplicarla a los hechos de este caso. La regla corre uniformemente a través de todas las autoridades —el mandamus se expedirá para obligar el cumplimiento de un deber ministerial por un funcionario público. Si su deber envuelve el ejercicio de discreción, las cortes no dirigirán o controlarán la discreción del funcionario, pero intervendrán para evitar un abuso de discreción. Anotación sobre mandamus para que se consideren, acepten o se rechacen subastas para contratos públicos, 80 A.L.R. 1382; *Muñoz* v. *Ramos,* 39 D.P.R. 405; *Llovet* v. *Junta Examinadora de Ingenieros,* 40 D.P.R. 583; *Font* v. *Junta de Retiro de Funcionarios y Empleados,* 48 D.P.R. 24; Merrill *on Mandamus,* Sección 117, página 145; Spelling, *Injunctions and other Extraordinary Remedies,* Segunda edición, Sección 1384, página 1195; McQuillin, *Municipal Corporations,* Segunda edición, volu-

men 6 revisado, Sección 2713, página 844, Sección 2726, página 874; Dillon *on Municipal Corporations,* Quinta edición, Volumen IV, Sección 1489, página 2656; *Miguel* v. *McCarl,* 291 U.S. 442, 451; *Board of Education* v. *Board of Commissioners,* (N.C.), 127 S. E. 692; *Consolidated Printing and Publishing Co.* v. *Allen,* (Calif.), 112 P. (2d) 884.

El abrumador número de casos que aplican esta regla destacan la observación del Juez Asociado Holmes de que las generalizaciones no deciden casos concretos. Refugiándose en la atrayente generalidad de esta regla, algunas cortes, mientras aparentan cumplir con la misma, parece que han aprovechado la oportunidad de ejercitar el poder ejecutivo. Tenemos presente la admonición del Juez Presidente Stone de que ''las cortes no son la única agencia del Gobierno que se presume tienen capacidad para gobernar'' (*United States* v. *Butler,* 297 U. S. 1, 87).

En lo que a nosotros concierne, el lenguaje estatutario confiriendo discreción a los funcionarios ejecutivos significa exactamente lo que dice. No nos proponemos dirigir o controlar la rama ejecutiva del gobierno en el ejercicio de sus funciones. No es la misión de esta corte el revocar o intervenir con o detener la acción ejecutiva basándonos en el argumento de que el ejecutivo ha cometido un error de criterio. Para impedirle de actuar u ordenarle que actúe, debemos encontrar que el ejecutivo actuó enteramente sin causa.

Aplicándole estas consideraciones, resulta fácil resolver el caso de autos. Aquí la alegación es que la proposición de la peticionaria nunca se consideró porque la fianza por compañía aseguradora que ella presentó no fué firmada por ella como principal. Sin poner en duda en manera alguna la buena fe de los miembros de la junta administrativa, estamos satisfechos de que actuaron bajo un concepto equivocado de la ley.

La fianza por compañía de seguro en este caso era mancomunada y solidaria. Por tanto, no tenemos necesidad de considerar la cuestión de responsabilidad mancomunada si

firma un solo fiador. Los casos no dejan lugar a duda de que en una obligación solidaria constituída por una fianza de compañía aseguradora, el hecho de que el principal no firme, no altera la responsabilidad del fiador. *Hill* v. *New Amsterdam Casualty Co.*, (Cal.), 286 P. 1103; *United States Fidelity and Guaranty Co.* v. *McCurdy*, (Ga.), 180 S. E. 902; *Pima County* v. *Snyder*, (Ariz.), 44 P. 297; *McKissack* v. *McClendon*, (Ala.), 32 So. 486; *Brown* v. *Melloon*, (Iowa), 152 N. W. 75; *United States Fidelity and Guaranty Co.* v. *Haggart*, 163 F. 801; véanse *Sierra* v. *Vieta*, 56 D.P.R. 224; *P. Millón & Cía., Sucesores* v. *Caamaño*, 38 D.P.R. 193; *Sucesores de L. Villamil Co.* v. *Díaz y Laborda*, 41 D.P.R. 467. Habiendo las peticionarias sometido una fianza válida, los demandados actuaron impropiamente al negarse a considerar la proposición de la compañía de automóviles a base, únicamente, de que la fianza era insuficiente.

En vista de este concepto equivocado de los funcionarios demandados en cuanto a la validez de la fianza en este caso, la regla establecida en *Riesland* v. *Bailey*, (Ore.), 31 P. (2d) 183, es de aplicación a este caso. El caso de *Bailey* sostiene a la página 185 lo siguiente:

"Procede el mandamus si por razón de un concepto equivocado de la ley o por cualquier otra circunstancia, no ha habido en verdad un efectivo y *bona fide* ejercicio de criterio y discreción como por ejemplo, cuando el ejercicio de la discreción descansa sobre un punto o asunto que, de acuerdo con la ley, no debe ser considerado."

■ Se alega que la peticionaria hizo toda clase de gestiones para conseguir que la junta administrativa considerara su proposición, las cuales resultaron infructuosas. En el argumento oral las peticionarias sostuvieron que bajo esta alegación ellas hubieran podido probar que ellas ofrecieron conseguir que la fianza se firmara inmediatamente por la peticionaria como principal, la cual oferta los demandados se negaron a aceptar. Aun si hubiéramos hallado defectuosa la fianza, las autoridades sostienen que bajo las circunstancias de este caso tal defecto puede y debe ser prontamente

subsanado, convalidando la fianza de este modo. McQuillin *on Municipal Corporations,* segunda edición, sección 1334, pág. 922, sección 1325, pág. 904; véase *Tomasini* v. *Municipio dc Ponce,* 50 D.P.R. 804; *Goodyear Tire, etc., Co., Ltd.* v. *Brugueras,* 44 D.P.R. 622. Si los demandados se negaron a permitir esta enmienda, su negativa no estaba autorizada por la ley y era en perjuicio del interés público, debido a que por esta actuación eliminaron de su consideración la proposición más baja.

██ La petición suplica que se ordene a los demandados que adjudiquen el contrato a la compañía de automóviles. Pero, como ya se ha indicado, nos limitamos a ordenar a los demandados que consideren su proposición. La ley núm. 99, Leyes de Puerto Rico de 1931, sección 7, provee que tal contrato se adjudicará mediante subasta pública, "al postor **que ofrezca y se comprometa . . .** bajo las condiciones más ventajosas para la capital en cuanto a precio, capacidad técnica y seguridad a juicio de dicha junta administrativa. . .". Marca, diseño, color, tamaño, facilidades de reparación y seguridad de entrega inmediata son algunos de los factores a los cuales los demandados podían dar considerable peso al cumplir con el mandato de esta ley en el presente caso. Cuestiones de esta naturaleza deben decidirse por la junta para el beneficio público. Establecer una regla inflexible de que el contrato debe adjudicarse al postor más bajo, prescindiendo de tales consideraciones, privaría al público del beneficio del criterio de los funcionarios públicos en aquellas cuestiones en que el estatuto requiere que ellos lo ejerciten. En ausencia de fraude, mala fe o abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la "más ventajosa." La cuestión debe decidirse a la luz del interés público y ningún postor tiene un derecho adquirido en ninguna subasta. En verdad, aun su derecho a litigar la cuestión es uno severamente limitado. Véanse 86 A.L.R. 131; McQuillin *on Municipal Corporations,* sección 1341, pág. 929, sección 1331, pág. 918; *Goldberg* v. *Daniels,*

231 U.S. 218; *Perkins* v. *Lukens Steel Co.*, 310 U.S. 113, 126.

Los abogados de ambas partes han discutido amplia-
mente la cuestión de si el párrafo (*c*) de la sección 46 de la
Ley núm. 99, Leyes de Puerto Rico de 1931, creando el
Gobierno de la Capital de Puerto Rico, ha operado algún
cambio en los casos en los cuales el mandamus es un remedio
apropiado. El párrafo (*c*) provee que la Corte de Distrito
de San Juan tendrá jurisdicción "Para compeler mediante
auto de mandamus, al cumplimiento de deberes ministeriales
por los funcionarios de la capital." Como ya se ha indicado,
este caso no envuelve abuso de discreción alguna. Debido al
concepto equivocado de la ley, la discreción de la junta admi-
nistrativa nunca fué ejercitada. La orden para que ejerza
su discreción es una orden para cumplir un deber ministe-
rial. Por tanto, es innecesario que determinemos si el man-
damus contra los funcionarios de la capital ha sido restrin-
gido por las disposiciones del párrafo (*c*).

La peticionaria manifestó en el argumento oral que el
contrato había sido adjudicado a otro postor, y los deman-
dados indican en su alegato que diez trucks Dodge han sido
entregados por el postor victorioso y están actualmente en
uso. Como la solicitud y la moción de desestimación no con-
tienen estas alegaciones, no podemos considerarlas al pasar
sobre la sentencia desestimando la petición. Sin embargo,
no creemos impropio sugerir que si el contrato ha sido adju-
dicado a otro postor y por consiguiente se ha efectuado la
entrega, las peticionarias pueden haberse dormido sobre sus
derechos al no tratar de obtener un remedio de entredicho
para impedir tal acción. Si se suscita esa cuestión más luego
en la corte inferior, dicha corte tendrá que determinar si el
mandamus es aún un remedio efectivo. Aun cuando la adju-
dicación se hubiera hecho inválidamente y el contrato con-
siguiente nulo, cuestión que no está ante nos y que por tanto
no estamos decidiendo ahora, a lo más la compañía de auto-
móviles tiene derecho a que se le considere su proposición.
Además, si se están usando actualmente diez trucks Dodge,

la corte inferior quizá vendría obligada a considerar el efecto de este caso sobre el racionamiento de trucks de acuerdo con la reglamentación y la ley federal.

Encontramos que la peticionaria, si las alegaciones de su solicitud son ciertas, tenía derecho a que su proposición fuera considerada por la Junta Administrativa. *Revocaremos la sentencia de la corte de distrito y devolveremos el caso para ulteriores procedimientos no inconsistentes con esta opinión.*