TEXTO COMPLETO DE LA SENTENCIA
El Gobierno Municipal de Guayama, su Junta de Subasta y otros, solicitan mediante recurso de apelación la revisión de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 27 de septiembre de 1995 que le condenó al pago de $75,000.00 en concepto de daños más costas, por alegadamente haber adjudicado una subasta de forma arbitraria y en abierto favoritismo.
*946 Analizado el escrito y sus anejos, el alegato de los apelados y la sentencia apelada a la luz del derecho aplicable, procede confirmar el dictamen de instancia.
I
El 29 de julio de 1993 el Municipio de Guayama celebró una subasta para el arrendamiento de equipo pesado para el mantenimiento del Vertedero Municipal de Guayama durante el año fiscal de 1993-94. A dicha subasta comparecieron cinco (5) licitadores entre los cuales figuró Ponce Enterprises, Inc. como licitador. A pesar de haber resultado el mejor postor, el Municipio adjudicó la subasta al segundo mejor postor. Este último alegadamente incumplió con varias de las condiciones para la licitación. Veamos.
Durante el procedimiento de la subasta, habiendo sido recibidas todas las propuestas en sobres sellados, el Alcalde de Guayama informó que en la publicación de Aviso de Subasta se había omitido uno de los equipos sustitutos. En adición expresó que, en ese momento, la fianza podía ser presentada por el 5% mensual o anual. 
Abiertos los pliegos de subasta de cada licitador, la propuesta presentada por Ponce Enterprises resultó ser la más baja cotizando la cantidad de $220,200.00 por el año fiscal, esto es, $43,800.00 más baja que la del segundo mejor postor, Sr. Aurelio Cruz Reyes. La propuesta presentada por Ponce Enterprises cumplió con todos los requisitos y condiciones de la subasta, mientras que la propuesta presentada por Cruz Reyes acompañó la fianza equivalente a un cinco (5%) por un mes, y no al año como requería el Aviso de Subasta. En adición, sorprendentemente incluyó el equipo sustituto que el Alcalde informó por vez primera al abrir los pliegos como que había sido omitido en la publicación del Aviso de Subasta.
El Municipio adjudicó la buena pro a Cruz Reyes.
Indicó que su decisión fue basada en la experiencia del Sr. Cruz y que éste había rendido un servicio de excelencia en el vertedero de ese Municipio anteriormente. Si esto último era un requisito no fue indicado así en el Aviso de Subasta ni en las condiciones.
Inconforme con dicha actuación, el 24 de agosto de 1993, Ponce Enterprises presentó acción de impugnación de subasta y daños y perjuicios contra el Municipio de Guayama y Aurelio Cruz Reyes ante el Tribunal de Primera Instancia.
Dicho foro declaró con lugar la demanda y condenó al Municipio al pago de $75,000.00 por daños más costas.
Dentro del término jurisdiccional el Municipio de Guayama compareció ante este Tribunal mediante recurso de apelación invocando la comisión de tres errores en los que alegadamente incurrió el tribunal sentenciador:

"1. Erró el Tribunal de Instancia al concluir como cuestión de hecho y derecho que las actuaciones del Municipio de Guayama al no adjudicar la subasta al demandante viciaron el procedimiento en detrimento de los mejores intereses dél propio Municipio y en violación al debido proceso de ley de Ponce Enterprises;

2. Al determinar que el Municipio demostró favoritismo hacia el licitador victorioso; y

3. Al actuar discriminatoriamente en la ponderación de la prueba documental estipulada."

Por estar los primeros dos señalamientos de error relacionados entre sí, procedemos a discutirlos en conjunto.
II
Los procedimientos para la adjudicación de subastas tienen como propósito primordial que al celebrarlas se permita la competencia por medio de proposiciones formales, de tal manera, que el *947 estado pueda conseguir buenos precios para realizar sus obras. Mar-Mol Company, Inc. v. Administración de Servicios Generales, opinión de 29 de junio de 1990, 90 J.T.S. 111, pág. 7985; Justiniano v. E.L.A., 100 D.P.R. 334, 338 (1971). La adjudicación de la buena pro dependerá de la existencia de una oferta que contenga todos los elementos esenciales para la perfección del contrato. Prods. Tommy Muñiz v. COPAN, 113 D.P.R. 517 (1982). "[A]l requerirse que la subasta y el contrato se adjudiquen al postor más bajo se evita que haya favoritismo, corrupción, extravagancia y descuido al otorgarse los contratos." Justiniano v. E.L.A., supra. [L]a buena administración de un gobierno es una virtud de la democracia, y parte de una buena administración implica llevar a cabo sus funciones como comprador con eficiencia, honestidad y corrección para proteger los intereses y dineros del Pueblo al cual dicho gobierno representa. Mar-Mol Co. Inc. v. Adm. Servicos Gen., supra. Cf., Conduit and Foundation Corporation v. Metropolitan Transportation Authority, 495 N.Y.2d 340 (1985); Waszen et al. v. Atlantic City et al., 63 A.2d (1949). No empece a lo anterior, la Junta de Subasta "podrá adjudicar la subasta a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público". "En ausencia defraude, mala fe o abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como 'la más ventajosa." La cuestión debe decidirse a la luz del interés público, y ningún postor tiene un derecho adquirido en ninguna subasta. Great American Indemnity Co. v. Gobierno de la Capital, 59 D.P.R. 911, 916 (1942).
En el caso específico del arrendamiento de equipo pesado para el mantenimiento del vertedero del Municipio de Guayama, por su cuantía, está sujeto a los procedimientos de subasta pública. 21 L.P.R.A. see. 4501 et seq. Siendo así, la Junta de Subasta entenderá y adjudicará todas las subastas que se requieran por ley en los contratos de arrendamiento de cualquier propiedad mueble. 21 L.P.R.A. see. 4506. Dicha sección en su inciso (a) dispone que cuando se trate de arrendar equipos para ser utilizados por el Municipio, la Junta adjudicará a favor del postor razonable más bajo, tomando en consideración, entre otras cosas, que las propuestas sean conforme a las especificaciones, la habilidad del postor para realizar y cumplir el contrato, la responsabilidad económica del Iicitador y su reputación e integridad comercial. La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo si con ello se beneficia el interés público.
III
En el caso que nos ocupa, Ponce Enterprises no resultó ser el Iicitador agraciado a pesar de haber dado fiel cumplimiento a las condiciones y exigencias de la licitación. Ante el foro de instancia alegó y así lo sostuvo el tribunal, que la actuación del Municipio fue arbitraria y en abierto favoritismo al Iicitador agraciado.
Por su parte, los apelantes sostienen que la adjudicación de la subasta no estuvo basada en consideraciones de favoritismo y amiguismo, más bien en consideración y en beneficio del interés público. Este argumento no nos persuade. Nos explicamos.
Es necesario señalar en primer lugar que, previo a la Adjudicación de la Subasta, el Municipio firmó un contrato con Cruz Reyes donde se le concedía el contrato de arrendamiento objeto de la subasta hasta el 31 de diciembre de 1993. Segundo, al parecer éste era el único de los licitadores que sabía que el Aviso de Subasta no incluia un equipo sustituto por lo cual lo incluyó en su propuesta. Tercero, no incluyó el monto de la fianza requerido y en el propio acto de la subasta el Alcalde expresó que se aceptarían fianzas por la cantidad mensual o anual; esta información como es de notar tampoco estuvo disponible para todos los licitadores previamente. Cuarto, la propuesta de Cruz Reyes incluia como empleados sus propios operadores mientras que la subasta especificaba que se utilizarían (dos) empleados del Vertedero. Quinto, otro dato importante es el hecho de que en el mencionado acto se exaltaron las cualidades, experiencia, capacidad y habilidad de Cruz Reyes, sin evaluar ninguna de las cualidades de cualquier otro Iicitador incluyendo a Ponce Enterprises.
Visto todo lo anterior no albergamos duda alguna de que el Municipio no sólo se inclinó a favor de Cruz Reyes sino que era de antemano su seleccionado. Dicha actuación, contrario a lo que sostienen los apelantes, en nada favorece al interés público. El concepto o la noción de finalidad pública "juega un papel importante en nuestro ordenamiento jurídico. A diferencia de los particulares quienes, siempre que sea lícito, pueden actuar para los fines más variados, la búsqueda de un fin de interés público es la condición positiva de toda actuación estatal. [Sin embargo], el interés público no es *948 simplemente la suma de intereses particulares. Tampoco es en esencia distinto al interés de las personas o los grupos que componen el país. Resulta en la mayoría de las ocasiones del acomodo entre los diversos intereses particulares." P.I.P. v. C.E.E., 120 D.P.R. 580, 606 (1988). "[L]a verdadera esencia de un gobierno libre consiste en considerar los puestos públicos como un fideicomiso, encomendado para el bien del país y no para beneficio de determinado individuo...." Ex. rel. Pérez v. Manescau, 33 D.P.R. 739, 742 (1924).
Finalmente, la forma en la cual fue adjudicada la subasta tiende a demostrar favoritismo y preferencia, consideraciones que exceden el marco de la discreción del Municipio. Analizada la jurisprudencia aplicable así como la citada por los apelantes concluimos que tanto en nuestra jurisdicción como en la federal el mejor y mayor interés público y para los contribuyentes excluye el favoritismo, el amiguismo y el ejercicio arbitrario en la búsqueda de tal propósito. Véase Conduit & Foundation v. MetroTrans, Auth. supra, pág. 1008. Los errores señalados no se cometieron.
IV
Respecto al tercer error señalado, sabido es que en cuanto a la revisión judicial de casos de impugnación de subastas el criterio rector es el de base racional. Smith & Wesson v. United States, 782 F. 2d 1074, 1078-1079 (1st. Cir. 1986). De ordinario, este Tribunal no intervendrá con las determinaciones de hecho y la adjudicación de credibilidad hecha por los tribunales de instancia, a menos que existan circunstancias extraordinarias, error manifiesto, pasión, prejuicio o parcialidad. Morán Simó v. García Cristóbal, 106 D.P.R. 155 (1977); Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8 (1987).
V
Por los fundamentos expuestos se confirma la sentencia apelada.
Notifíquese.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 35
1. Aurelio Cruz Reyes.
2. El 15 de julio de 1993, se publicó un Aviso de Subasta para el arrendamiento de equipo para el vertedero, durante el año fiscal de 1993-94, enumerándose el equipo requerido, y la presentación de una fianza del 5% de la propuesta.
3. Un recuento del historial del mantenimiento del Vertedero Municipal tiende a demostrar cierto favoritismo con el agraciado:

"1. El 15 de junio de 1988 fue celebrada por el Municipio una subasta de la misma naturaleza a la hoy impugnada. Se requirió una fianza equivalente al 10% del total de la oferta; comparecieron tres licitadores. Abiertos los pliegos y no habiendo sido el postor más bajo Cruz Reyes alegó, que fue el único en presentar una fianza por el año fiscal 1988-89, según publicado y que los demás licitadores presentaron fianza por un sólo mes. Dicha subasta le fue adjudicada.

2. Para el año fiscal de 1989-90 el Municipio no realizó subasta alguna para el arrendamiento de equipo y en su lugar otorgó un contrato de Arrendamiento de Equipo por el período comprendido entre el 1ro, de julio de 1989 al 30 de junio de 1992 (Período de 3 años) de manera que el Municipio tampoco celebró subasta con este propósito en los años fiscales 1990-91 y 1991-92.

3. El 10 de julio de 1992 se celebró subasta para el arrendamiento de equipo la cual se declaró desierta. El 
*949
11 de agosto de 1992 el Municipio volvió a celebrar una subasta a la cual compareció como único licitador el Sr. Cruz Reyes. El 14 de agosto se otorgó otro contrato para el año fiscal 1992-93 con fecha de vencimiento a 30 de junio de 1993.

4. El 1ro. de julio de 1993, el Municipio otorgó otro contrato de Arrendamiento por el período entre el 1ro. de julio de 1993 y 31 de diciembre de 1993. Dos semanas antes de que se publicara el Aviso de Subasta que se impugna en el caso de epígrafe."

4. Ley de Municipios Autónomos, 21 L.P.R.A. see. 4506.
5. Aviso de Subasta del 23 de julio de 1992: "La Junta de Subastas se reserva el derecho de aceptar o rechazar cualquiera de las licitaciones o todas las proposiciones, de adjudicar la buena pro en beneficio de los mejores intereses del Municipio, tomando en consideración otros factores independientemente del precio o cotización más bajo." Exhibit D, Ap. pág. 108.